JONATHAN M. GOULD,          )
                                  )
      Plaintiff,         )
                                  )
v.                             )      Case No. 4:21-cv-001187 RLW
                                  )
UNITED BROTHERHOOD OF CARPENTERS  )
AND JOINERS OF AMERICA,        )
                                  )
and                            )
                                  )
DOUGLAS J. MCCARRON,        )
                                  )
      Defendants.      )

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION TO DISQUALIFY BRIAN F. QUINN

Defendants United Brotherhood of Carpenters and Joiners of America ("UBC") and

Douglas J. McCarron (collectively "Defendants"), by and through the undersigned counsel, file

the following Memorandum in Opposition to *Pro Se* Plaintiff Jonathan M. Gould's Motion to

Disqualify and Preserve DeCarlo, Shanley, Attorneys' At Law: Specifically Attorney

Brian F. Quinn ("Motion to Disqualify") (ECF No. 24):

## INTRODUCTION

As Defendants argued in their recent Memorandum in Opposition to Gould's Motion to

Disqualify two of their other chosen counsel (ECF No. 21), Rule 4-3.7 of the Missouri Rules of

Professional Conduct, which the Eastern District of Missouri has adopted, provides that Quinn can

only be disqualified as an advocate at a trial if he is a *necessary* witness.  Under both Missouri and

relevant federal precedent, he is only a necessary witness if he is the *sole* source of contested

information.  Gould's purported ground on which he argues the Court should disqualify Quinn is

essentially the same meritless argument he made in seeking to disqualify attorneys Robert D. Blitz and Aaron Sanders: simply that they have knowledge of relevant facts learned from their representation of their clients in prior litigation. As with Blitz and Sanders, any knowledge Quinn has from his prior representation of clients was the result of the attorney-client relationship or his attorney work product. Both Missouri and federal precedent are clear that Gould's argument is insufficient to find a party's chosen counsel to be a necessary witness.

## BACKGROUND

The present litigation arises from a recent restructuring of the St. Louis-Kansas City Carpenters' Regional Council ("St. Louis-Kansas City Council"). As explained in Defendants' Memorandum in Opposition to Gould's Motion to Disqualify Blitz and Sanders (ECF No. 21), Gould previously filed separate and ultimately unsuccessful actions in Missouri state and federal court against the St. Louis-Kansas City Council, and then-EST Albert Bond. Recent events and investigations undertaken by the UBC – which are ongoing – have revealed information that resulted in the restructuring of the St. Louis-Kansas City Council, i.e., its dissolution and, consequently, the elimination of Bond's position. *See* Declaration of Douglas J. McCarron, Exhibit A to Memorandum in Opposition to Gould's Emergency Motion for Expedited Hearing and Emergency Motion for Injunction or Stay, ¶¶ 8-14 ("McCarron Declaration") (ECF No. 22-1). Gould has filed a Complaint and Request for Injunction, challenging the restructuring of the St. Louis-Kansas City Council. (ECF No. 1.) On October 22, 2021, Gould filed his first Motion to Disqualify targeting Blitz and Sanders in which he alleged that Blitz and Sanders previously represented Bond and, therefore, are the only witnesses who can testify to the alleged crimes and malfeasance committed by Bond and others that led to the restructuring of the St. Louis-Kansas

City Council and the elimination of Bond's position. (ECF No. 15.) On November 4, 2021, he filed the instant Motion to Disqualify targeting Quinn. (ECF No. 24.)

Gould's instant Motion to Disqualify alleges that Quinn is a necessary witness because (1) he has knowledge of an alleged scheme to raise Bond's salary; (2) Quinn's firm helped with plans to mitigate member dissent and Quinn can speak to McCarron's alleged manipulation of members; and (3) Quinn participated in depositions in the *Savage v. Tweedy* case. 2013 WL 4063740, at *1 (D. Or. Aug. 11, 2013). The *Savage* case arose from facts occurring in 2012, when several plaintiff union members filed a complaint in the District of Oregon against the UBC, the Pacific Northwest Regional Council of Carpenters ("Pacific Northwest Council"), and the Pacific Northwest Council's then-Executive Secretary Treasurer ("EST") Doug Tweedy. *Id.* Those plaintiffs claimed that § 51(A)(1) of the UBC Constitution (ECF No. 22-2) was invalid on its face as it violated their free speech rights and due process rights under the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA"). *Id.* Those plaintiffs also claimed that the UBC ratified the alleged misconduct of the Pacific Northwest Regional Council. *Id.* at *2 ("An international union such as the UBC incurs liability on a theory of ratification only if it affirms the Local's actions with full knowledge that it was part of an overall scheme to suppress dissent in violation of the LMRDA.") (internal quotation marks and alterations omitted) (quoting *Moore v. Local Union 569 of Int'l Bhd. Of Elec. Workers*, 989 F.2d 1534, 1543 (9th Cir. 1993)). The district court found that the UBC's rules at issue were not unreasonable and dismissed the claims. *Id.* at *4-5. The same district court later denied those plaintiffs' request for permission to file yet another amended complaint. *Savage v. Tweedy*, No. 3:12-CV-01317-HZ, 2014 WL 1323178 (D. Or. Mar. 31, 2014). Quinn was part of the team representing the UBC, the Pacific Northwest Council, and Tweedy throughout the course of that litigation.

## LEGAL STANDARD[1]

"The decision whether to disqualify counsel rests in this Court's discretion." *Bartis v. Biomet, Inc.*, No. 4:13-CV-00657-JAR, 2021 WL 1967376, at *2 (E.D. Mo. May 17, 2021) (citing *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1154 (8th Cir. 1999)). The Eighth Circuit has cautioned that "motions to disqualify counsel are 'subjected to particularly strict judicial scrutiny' because they have potential for abuse by opposing counsel." *Id.* (quoting *Midwest Motor Sports v. Arctic Sales, Inc.*, 347 F.3d 693, 700-01 (8th Cir. 2003)). Accordingly, this district "recognizes that disqualification is a 'drastic measure which courts should hesitate to impose except when absolutely necessary,' as disqualification 'also serves to destroy a relationship by depriving a party of representation of their own choosing.'" *Id.* (quoting *Commonwealth Land Title Ins. Co. v. St. John's Bank & Trust Co.*, No. 4:08-CV-1433 CAS, 2009 WL 3069101, at *4 (E.D. Mo. Sept. 22, 2009)).

Federal courts look to two sources of authority to determine whether to disqualify a party's chosen counsel. *Bayes v. Biomet, Inc.*, 500 F.Supp.3d 810, 815 (E.D. Mo. Nov. 12, 2020). First, the Eastern District of Missouri has adopted the Rules of Professional Conduct as adopted by the Supreme Court of Missouri. *Id.*; E.D.Mo. L.R. 12.02. Second, federal courts apply standards developed under federal law to motions to disqualify counsel because they are "substantive motions affecting the rights of the parties." *Bayes*, 500 F.Supp.3d at 815 (quoting *Dalton v. Painters Dist. Council No. 2*, No. 4:10CV01090 AGF, 2011 WL 1344120, at *4 (E.D. Mo. Apr. 8, 2011)). Furthermore, "[t]he Eighth Circuit has recognized that a 'party's right to select its own counsel is an important public right and a vital freedom that should be preserved,' and cautioned

---

[1] The legal standard for Gould's attempt to disqualify Quinn is the same as his attempt to disqualify Blitz and Sanders. Accordingly, Defendants incorporate the following section from their previous Memorandum in Opposition to Gould's Motion to Disqualify Blitz and Sanders. (ECF No. 21.)

that 'the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary.'" *Id.* (quoting *Macheca Transp. Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006)).

Rule 4-3.7 of the Missouri Rules of Professional Conduct provides, in relevant part:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
  (1) the testimony relates to an uncontested issue;
  (2) the testimony relates to the nature and value of legal services rendered in the case; or
  (3) disqualification of the lawyer would work substantial hardship on the client.

Mo. S.Ct. R. 4-3.7(a). Both Missouri courts and the Eighth Circuit are clear that, under Rule 4-3.7, "an attorney is a 'necessary witness' *only if 'there are things to which he will be the only one available to testify.*'" *Macheca Transp. Co.*, 463 F.3d at 833 (emphasis added) (quoting *State ex rel. Wallace v. Munton*, 989 S.W.2d 641, 646 (Mo. Ct. App. 1999)). "Blanket allegations that an attorney's testimony is relevant to a party's claim is an insufficient basis upon which to discern whether the attorney 'will truly be a "necessary witness" in the sense that there are things to which he will be the only one available to testify.'" *Macheca Transp. Co.*, 463 F.3d at 833 (quoting *Wallace*, 989 S.W.2d at 646). "To disqualify an attorney of choice by considering only the relevance of the attorney's testimony and failing to consider whether the attorney is the *only* witness available to testify to certain things, would constitute an abuse of discretion." *United States v. Davidson*, No. 4:07CR720 CDP (FRB), 2008 WL 1777419, at *3 (E.D. Mo. Apr. 16, 2008) (emphasis added) (citing *Macheca Transp. Co.*, 463 F.3d at 833-34).

**ARGUMENT**

Quinn is not the sole source of any information in this case, and Gould has failed to meet his burden to demonstrate that he is. As with his argument regarding Blitz and Sanders, Gould

suggests an attorney's mere prior representation of the same client justifies disqualification from future representation. Such an argument lacks both logic and legal merit, and the Court should reject his attempt to deprive Defendants of their chosen counsel.

## I. Any Information Quinn Has Is Privileged and Inadmissible Hearsay.

Quinn could not even be a witness in this case, let alone a necessary witness. He has never been an employee of the St. Louis-Kansas City Council. He was not involved in any alleged malfeasance or alleged illegal spending. The only knowledge Quinn has regarding the St. Louis-Kansas City Council or Bond is directly the result of his role as an attorney for the UBC, which is an autonomous body. Any such testimony would be barred by the attorney-client privilege. Gould simply has not established, and cannot establish, that Quinn can be disqualified based simply on his prior representation of the UBC.

## II. Quinn Is Not the Sole Source of Any Relevant Information.

As stated above, both Missouri courts and the Eighth Circuit are clear that, under Rule 4-3.7, "an attorney is a 'necessary witness' *only if 'there are things to which he will be the only one available to testify.*'" *Macheca Transp. Co.*, 463 F.3d at 833 (emphasis added) (quoting *Wallace*, 989 S.W.2d at 646). Nowhere in the instant Motion to Disqualify does Gould even come close to alleging that Quinn is the sole source of any information. Gould's own Complaint and Request for Injunction (ECF No. 1) alleges that McCarron, in his role as General President of the UBC, was principally involved in the "dismissal" of Bond. Moreover, the McCarron Declaration fully establishes that the decision to restructure the St. Louis-Kansas City Council, which, consequently, resulted in the elimination of Bond's position, was made by McCarron based on an investigation done by representatives of the UBC – not Quinn. (ECF No. 22-1 ¶¶ 8-14.)

As Defendants explained in their Memorandum in Opposition to Gould's Motion to Disqualify Blitz and Sanders (ECF No. 21), a decision by the Western District of Missouri is instructive. In *Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*, No. 08-0840-CV-W-ODS, 2011 WL 13234154, at *1 (W.D. Mo. Mar. 31, 2011), the court considered a motion to disqualify the plaintiff's counsel based on "a variety of topics *known* to Plaintiff's attorneys." (Emphasis added). As the court plainly noted: "This is unsurprising: attorneys frequently have access to information regarding their client's cases. Indeed, [the Rules of Professional Conduct] demand[] it. This general observation, alone, is insufficient to establish that an attorney is a necessary witness, but this is essentially all Defendants offer." *Id.* The court noted that the plaintiff had representatives beyond its attorneys who could testify about their understanding of the relevant contractual agreements. *Id.* "Moreover, Defendants' argument sweeps too broadly: *carried to its logical conclusion, a lawsuit involving any contract negotiated by attorneys makes the attorneys necessary witnesses.* The attorneys are not parties to the contract, so they are not likely to be necessary witnesses." *Id.* (emphasis added). Lastly, the court rejected the defendants' argument that the plaintiff's attorneys were necessary witnesses because one or more of those attorneys had conducted an investigation into the facts of the case. "Once again, the Court is not convinced Plaintiff's attorneys are the *only source* of admissible information about the investigation." *Id.* (emphasis added).

Here, Gould alleges in his Motion to Disqualify that Quinn "has direct knowledge of" Bond's conduct (ECF No. 24 ¶ 4), "participated in depositions" in prior litigation in the District of Oregon (*Id.* ¶ 5), "helped draft U.B.C. plans" (*Id.* ¶ 6) that were "apparently used by" other individuals (*Id.* ¶ 7), and "can speak directly to his experience helping Doug McCarron" (*Id.* ¶ 9). On their face, these allegations point to alleged conduct of other persons, any of whom could testify

to the matters (even assuming those matters are relevant). Gould does not claim Quinn played any role in the challenged practices at the St. Louis-Kansas City Council or the UBC that are at issue in this case (Quinn did not). Gould's claims are merely blanket allegations that Quinn could provide relevant testimony based on his previous representation of his clients. This suggestion is patently insufficient to conclude he is a necessary witness to justify his disqualification. "Testimony may be relevant and even highly useful, but still not strictly necessary." *Macheca Transp. Co.*, 463 F.3d at 833.

Gould's argument that Quinn should be disqualified under Rule 4-3.7 of the Missouri Rules of Professional Conduct plainly lacks merit, and he has failed to point to any fact which Quinn is the only source of information. Gould first asserts that Quinn should be disqualified because Quinn has knowledge of an alleged scheme to trick the St. Louis-Kansas City Council into a raise for then-EST Bond. He attaches meeting minutes related to the approval of Bond's raise—minutes which do not even reference Quinn, who was not present at that meeting. Second, Gould references an alleged plan to mitigate member dissent. Gould alleges only that Quinn's firm, not Quinn, was involved in this alleged plan and that Quinn had knowledge of McCarron's actions. On their face, these allegations, which are supported by no facts, allege actions taken by others. Lastly, Gould asserts Quinn should be disqualified, in part, because he "participated in depositions" of UBC officials in the prior litigation in the District of Oregon. (ECF No. 24 ¶ 5.) Quinn, himself, was not a deponent in that case. Presumably, Gould would seek to depose UBC officials if this case progresses to that point. *See Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 133 (Mo. Ct. App. 2009) (holding that the moving party "failed to show that counsel was the only person who could testify" on key issues and noting the moving party "acknowledged they did not allege that there was an absence of other fact witnesses"). Moreover, the case arose from

allegations taking place in 2012 in Oregon. Gould makes no attempt to explain how this has anything to do with his allegations related to the St. Louis-Kansas City Council.

Gould's threadbare allegations in his Motion to Disqualify claim that Quinn has knowledge of facts gleaned from his prior representation of the UBC. (ECF No. 15 ¶¶ 4 & 6.) As the court in *Hallmark Cards, Inc.* makes clear: the "general observation" that "attorneys frequently have access to information regarding their client's cases . . . is insufficient to establish that an attorney is a necessary witness." 2011 WL 13234154, at *1. Quinn is not a party to this action, and any relevant information he may have obtained was from his representation of his clients through privileged communications or attorney work product.

### III. Gould's Motion is Premature

As with Blitz and Sanders, even if Quinn were a necessary witness, which he is not, disqualification would be premature at this stage of the litigation. "By its own terms, Rule 4–3.7 only prohibits a lawyer from acting as an 'advocate *at a trial* in which the lawyer is likely to be a necessary witness.'" *Wal-mart Stores, Inc. v. PDX Inc.*, No. 4:14CV1805 RLW, 2016 WL 4594144, at *2 (E.D. Mo. Sept. 2, 2016) (emphasis in original) (quoting *Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007)) (noting that the moving parties "have not demonstrated that disqualification is immediately necessary at this stage of the litigation"); *see also Wal-Mart Stores, Inc. v. PDX. INC.*, No. 4:14CV1805 RLW, 2017 WL 432734, at *2 (E.D. Mo. Jan. 31, 2017) (denying a motion to reconsider disqualification once the challenged attorney was designated as a corporate representative as "not a basis for disqualification" at that stage of the litigation). Consequently, the Court should deny Gould's Motion to Disqualify because Quinn is plainly not a necessary witness in this matter.

**CONCLUSION**

For the reasons explained herein, Defendants respectfully request the Court deny Gould's

Motion to Disqualify Quinn.

[Remainder of page intentionally left blank.]

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By: /s/ *Robert D. Blitz*
Robert D. Blitz, #24387MO
Aaron W. Sanders, #64133MO
Thomas H. Limbrick, #69196MO
120 South Central Ave., Suite 1500
St. Louis, Missouri 63105
314-863-1500
314-863-1877 (facsimile)
rblitz@bbdlc.com
asanders@bbdlc.com
tlimbrick@bbdlc.com


**DOWD BENNETT LLP**

James G. Martin, #33586MO
James B. Martin, #70219MO
Michelle Nasser, #68952MO
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300
(314) 863-2111 (facsimile)
jmartin@dowdbennett.com
jbmartin@dowdbennett.com
mnasser@dowdbennett.com


**SHANLEY, APC**

Brian F. Quinn, #447619DC (*pro hac vice*)
101 Constitution Avenue, NW, 10th Floor
Washington, D.C. 20001
(202) 589-1151
(202) 589-0105 (facsimile)
bquinn@shanleyapc.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was electronically filed with the Clerk of the

Court on November 18, 2021, using the CM/ECF filing system and served to Plaintiff Jonathan

M. Gould by U.S. Priority Mail at 7357 Providence Drive, Edwardsville, Illinois 62025.

*/s/ Robert D. Blitz*