**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JONATHAN M. GOULD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-001187 RLW |
| ) | |
| UNITED BROTHERHOOD OF CARPENTERS ) | |
| AND JOINERS OF AMERICA, ) | |
| ) | |
| and ) | |
| ) | |
| DOUGLAS J. MCCARRON, ) | |
| ) | |
| Defendants. ) | |

## SUR-RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY BRIAN F. QUINN

Defendants United Brotherhood of Carpenters and Joiners of America ("UBC") and Douglas J. McCarron (collectively "Defendants"), by and through the undersigned counsel, file the following Sur-Response[1] in Opposition to Plaintiff Jonathan M. Gould's Motion to Disqualify Brian F. Quinn:

Plaintiff's Reply (ECF No. 34) raises nothing new and simply repeats the argument from his Motion (ECF No. 24), without any support, that Quinn should be disqualified allegedly because he is the sole source of contested information. To the contrary, Quinn is not and has never been an employee of the St. Louis-Kansas City Carpenters Regional Council ("St. Louis-Kansas City Council") and/or the United Brotherhood of Carpenters and Joiners of America, and his knowledge relating to the St. Louis-Kansas City Council, Albert Bond, and the dissolution of the St. Louis-

---

[1] Defendants submit this Sur-Response as directed by the Court in its January 31, 2022 Order (ECF No. 36).

1

Kansas City Council is directly and solely the result of his role as an attorney for the UBC. Plaintiff's Motion and Reply point only to Quinn's involvement as counsel for the UBC, insisting, for example, that Quinn is a necessary witness with respect to communications with the Department of Labor in 2019.  *See* ECF No. 24 at pp. 10-12 (consisting of a letter from Quinn as "counsel to the United Brotherhood of Carpenters and Joiners of America").   An attorney's knowledge of relevant information through his or her representation of a client has already been found to be insufficient to support a disqualification of that attorney:

> [A]ttorneys frequently have access to information regarding their client's cases. Indeed, [the Rules of Professional Conduct] demand[] it.  This general observation, alone, is insufficient to establish that an attorney is a necessary witness."

*Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*, 2001 WL 13234154 at *1 (W.D. Mo. 2011).  Here, Plaintiff offers no reason to disqualify Quinn outside of Quinn's knowledge learned through his representation of the UBC in prior affairs.  Plaintiff's Motion should be denied for this reason alone.

Plaintiff's Reply highlights the lack of merit in Plaintiff's attempt to disqualify Quinn as the sole source of relevant information.  The reply focuses on Quinn's alleged knowledge of a scheme orchestrated years ago to increase Bond's salary by $85,000.00 per year.  However, even if there were such a scheme, Plaintiff's own argument concedes that Quinn is not the sole source of relevant information about any "scheme."  Plaintiff contends that the "scheme was devised by former Executive Secretary-Treasurer Al Bond," that "Bond had his Assistant Executive Secretary-Treasurer…", that there was a "directive from the [UBC and] from the Mid-Western District Vice President, Dave Tharpe [sic]", and that there were "emails and communications exchanged with Office of Labor Management Standards auditors and investigators" (ECF No. 34 at 2).  All of these statements include other individuals that would have knowledge.  Plaintiff also

argues that he should be able to question Quinn about "*UBC* documents" consisting of "strategy *for UBC and Regional Council officials* to carryout mergers that are designed to squash any dissent" (*Id.* at 3) (emphasis added). In short, it is not even alleged that Quinn is the sole source of knowledge.

Finally, it remains pertinent that, "[b]y its own terms, Rule 4–3.7 only prohibits a lawyer from acting as an 'advocate *at a trial* in which the lawyer is likely to be a necessary witness.'" *Wal-mart Stores, Inc. v. PDX Inc.*, No. 4:14CV1805 RLW, 2016 WL 4594144, at *2 (E.D. Mo. Sept. 2, 2016) (emphasis in original) (quoting *Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007)) (noting that the moving parties "have not demonstrated that disqualification is immediately necessary at this stage of the litigation"); *see also Wal-Mart Stores, Inc. v. PDX. INC.*, No. 4:14CV1805 RLW, 2017 WL 432734, at *2 (E.D. Mo. Jan. 31, 2017) (denying a motion to reconsider disqualification once the challenged attorney was designated as a corporate representative as "not a basis for disqualification" at that stage of the litigation).

For the reasons set forth herein and in Defendants' Memorandum in Opposition to Plaintiff's Motion to Disqualify Brian F. Quinn (ECF No. 25), Defendants respectfully request the Court deny Gould's Motion to Disqualify Quinn (ECF No. 24).

[Remainder of page intentionally left blank.]

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By: /s/ *Robert D. Blitz*
Robert D. Blitz, #24387MO
Aaron W. Sanders, #64133MO
Thomas H. Limbrick, #69196MO
120 South Central Ave., Suite 1500
St. Louis, Missouri 63105
314-863-1500
314-863-1877 (facsimile)
rblitz@bbdlc.com
asanders@bbdlc.com
tlimbrick@bbdlc.com


**DOWD BENNETT LLP**

James G. Martin, #33586MO
James B. Martin, #70219MO
Michelle Nasser, #68952MO
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300
(314) 863-2111 (facsimile)
jmartin@dowdbennett.com
jbmartin@dowdbennett.com
mnasser@dowdbennett.com


**SHANLEY, APC**

Brian F. Quinn, #447619DC (*pro hac vice*)
101 Constitution Avenue, NW, 10th Floor
Washington, D.C. 20001
(202) 589-1151
(202) 589-0105 (facsimile)
bquinn@shanleyapc.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was electronically filed with the Clerk of the Court on February 10, 2022, using the CM/ECF filing system and served to Plaintiff Jonathan M. Gould by U.S. Priority Mail at 7357 Providence Drive, Edwardsville, Illinois 62025.

*/s/ Robert D. Blitz*