**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JONATHAN M. GOULD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED BROTHERHOOD OF | ) No. 4:21-CV-1187 RLW |
| CARPENTERS & JOINERS OF | ) |
| AMERICA, and DOUGLAS J. | ) |
| McCARRON, | ) |
| | ) |
| Defendants. | ) |

## ORDER OF DISMISSAL

This matter is before the Court on Plaintiff's response to the Court's Order to Show Cause and Defendants' Memorandum and Notice to the Court of Plaintiff's Failure to Respond to Defendants' Motion for Summary Judgment. (ECF Nos. 52 and 53). For the reasons that follow, this case will be dismissed without prejudice for Plaintiff's failure to prosecute and comply with the Court's orders.

### *I. Background*

Plaintiff Jonathan M. Gould, a non-attorney, is self-represented in this matter. On October 5, 2021, Plaintiff filed suit seeking an injunction, ostensibly on behalf of the behalf of the members of the St. Louis-Kansas City Carpenters' Regional Council (STLKCCRC), against the national United Brotherhood of Carpenters & Joinders of America (UBC) and its president, Douglas J. McCarron. Plaintiff asks that the Court enjoin a merger between STLKCCRC and a regional council in Chicago. On April 28, 2022, following extensive briefing by the parties, the Court ruled on a number of motions. The Court denied Plaintiff's motions for an "Emergency Injunction," which the Court construed as motions for a preliminary injunction, motions to disqualify defense

counsel, motion to disqualify Judge Ronnie L. White, and a number of procedural motions. (ECF No. 39). In its Memorandum and Order, the Court held, among other things, that Plaintiff as a self-represented non-attorney cannot seek relief on behalf of other members of the STLKCCRC. (ECF No. 39 at 15) (citing, inter alia, Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996)). The Court also found that Plaintiff was unlikely to succeed on the merits of his case. The Court noted that it was unclear from Plaintiff's Complaint and subsequent filings under what specific legal authority he was seeking injunctive relief, and the Court was "unaware of any legal theory that would allow for an individual union member to enjoin a merger between two regional councils within a labor organization." (ECF No. 39 at 18).

Following its decision, on May 3, 2022, the Court issued an Order Setting Rule 16 Conference. (ECF No. 40). The parties submitted a Joint Proposed Scheduling Plan as ordered, and on June 6, 2022, prior to the Rule 16 Scheduling Conference, Defendants filed a motion for summary judgment. (ECF Nos. 41, 42). In their motion, Defendants argue that Plaintiff failed to exhaust his union remedies, his Complaint fails to set forth a cognizable claim for injunctive relief, the undisputed facts establish Plaintiff did not suffer irreparable harm, and the relief Plaintiff requests is not available under the statute Plaintiff cites. (ECF No. 42).

On June 7, 2022, the Court held the Rule 16 Scheduling Conference in-person and on the record. The fact that Defendants had filed a motion for summary judgment was discussed, and the Court informed Plaintiff that the deadline for filing his opposition to Defendants' Motion for Summary Judgment would be July 7, 2022. Plaintiff asked for clarification about the response deadline, which the Court gave, but he neither voiced objection to the deadline nor indicated that he was seeking counsel and would be unable to comply. That same day, on June 7, 2022, the Court

2

entered a Case Management Order ("CMO") outlining the deadlines in this case, including that Plaintiff's opposition to Defendants' motion for summary judgment was to be filed by July 7, 2022.  The CMO further provides that the deadlines in the CMO shall be modified "only upon a showing of exceptional circumstances."  (ECF No. 57 at 1).

On June 30, 2022, Plaintiff filed a motion for an extension of time to respond to Defendants' motion for summary judgment.  (ECF No. 48).  In support of his motion, Plaintiff asserted that he was seeking counsel and had contacted over forty law firms to look for representation in this matter, to no avail.  Plaintiff asserted that he was asking for the extension to provide additional time to seek counsel.  In an Order dated July 5, 2022, the Court stated that Plaintiff initiated this matter by filing suit himself, and at that point had over nine months to locate counsel.  The Court further stated there was nothing in Plaintiff's motion to indicate that Plaintiff would be successful in retaining counsel.  The Court did, however, grant Plaintiff a fourteen-day extension until July 21, 2022, to file his response to Defendants' motion for summary judgment.

Plaintiff did not file a timely response to Defendants' motion for summary judgment and on July 28, 2022, the Court issued an order to show cause.  Plaintiff was directed to show cause, in writing, why he had failed to respond to Defendants' motion for summary judgment.  Plaintiff was warned that his failure to comply with the show cause order might result in the dismissal of his claims against the defendants with prejudice.  (ECF No. 51)

Plaintiff filed a written response to the order to show cause, but he failed to provide sufficient justification for his failure to respond to Defendants' motion for summary judgment. Plaintiff wrote, "Plaintiff has no specific cause for his failure to answer the Defendant's Motion for Summary Judgement [sic], other than to say personal commitments, such as work, family, and providing information to federal investigators, as well as the Mid-American Carpenters' Regional

3

Council interfered with Plaintiff's internal calendar." (ECF No. 52). Plaintiff also wrote that his failure to obtain counsel "complicate[d] matters." (Id.) Plaintiff asserted that he had contacted 54 law firms, and none had agreed to represent him. Plaintiff concluded his response by writing, "by August 12, 2022[,] Plaintiff plans to dismiss said case without prejudice while he continues to seek legal representation." (ECF No. 52 at 2). Plaintiff did not file a motion to voluntarily dismiss his claims without prejudice. He also did not file a motion for leave to file his response to Defendants' motion for summary judgment out of time.

## II. Discussion

A district court may dismiss a case if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). The Eighth Circuit has recognized, however, that "[d]espite the breadth of this language, . . . dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527 (8th Cir. 2000) (citing Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997)). According to the Eighth Circuit, a district court need not find that a plaintiff acted in bad faith, but "'only that he acted intentionally as opposed to accidentally or involuntarily.'" Id. (quoting Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998)). That being said, a Rule 41(b) dismissal with prejudice "is a drastic and extremely harsh sanction," Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993), that is proper "only when there has been a clear record of delay or contumacious conduct by the plaintiff[.]" DiMercurio v. Malcom, 716 F.3d 1138, 1140 (8th Cir. 2013) (internal quotation marks and citations omitted). Involuntary dismissal with prejudice should be used only "when lesser sanctions prove futile." Hunt, 203 F.3d at 527 (quotation and citation omitted).

Here, Plaintiff participated in the Rule 16 scheduling conference and agreed to the proposed deadline for his response to Defendant's motion for summary judgment. While Plaintiff gave no indication at scheduling conference that he would be unable to respond, he did move for an extension of time. The Court granted Plaintiff an extension of that deadline but he failed to file a response. The Court ordered Plaintiff to show cause as to why he did not respond to the motion for summary judgment, and warned that failure to comply might result in the dismissal of his case with prejudice. Plaintiff responded to the Court's show cause order, but as he himself admits, he has no real justification for failing to respond to Defendant's motion for summary judgment. Plaintiff stated in his response to the show cause order that he intends to dismiss this case without prejudice, but he has not filed a motion making this request.

The Court recognizes that Plaintiff is frustrated by his inability to secure counsel in this case, but Plaintiff commenced the action almost a year ago and has failed to secure representation, despite what appear to be diligent efforts. Civil litigants such as Plaintiff are not entitled to representation or to the appointment of counsel. Based the record and the fact that Plaintiff's case has been rejected by dozens of attorneys, there is nothing to suggest Plaintiff will be able to secure counsel any time soon, if ever. Plaintiff has proceeded in this matter on his own, and the Court has warned him that even as a pro se plaintiff, he must comply with the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, which he has failed to do. Most notably, when faced with a dispositive motion, he purposefully avoided responding. The Court finds Plaintiff deliberately disobeyed the Court's Order dated July 5, 2022, setting the deadline for responding to the motion for summary judgment with the intent to delay these proceedings. It is clear from the record that Plaintiff does not intend to respond to Defendant's motion for summary judgment

5

without the assistance of counsel, and there is no reason to believe Plaintiff will ever obtain counsel in this case.

The Court has carefully considered the available sanctions in this case and finds dismissal with prejudice is too drastic a sanction. In light of Plaintiff's delay and unwillingness to respond to Defendants' motion for summary judgment without the assistance of counsel, the Court finds that dismissal without prejudice is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned cause of action is **DISMISSED without prejudice** for plaintiff's failure to prosecute and to comply with the Court's orders.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is **DENIED as moot.** (ECF No. 42)

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this __2nd__ day of September, 2022.